# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43596

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 461 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: April 4, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ZACHARY DYLAN EDWARDS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Order revoking probation and imposing sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Zachary Dylan Edwards pleaded guilty to burglary, Idaho Code §§ 18-1401, 18-204, and grand theft, I.C. §§ 18-2403(1), 18-2407(a)(b). The district court imposed concurrent, unified ten-year sentences, with two years determinate, suspended the sentences, and placed Edwards on probation. Edwards admitted violating the terms of the probation, and the district court continued Edwards on probation with the additional term that Edwards comply with all drug court requirements. Edwards subsequently admitted that he violated his probation by failing to successfully complete drug court. The district court revoked Edwards' probation, but retained jurisdiction. After successfully completing a period of retained jurisdiction, the district court once again suspended Edwards' sentence and placed him on probation. Subsequently, Edwards

1

admitted to violating the terms of the probation. During the probation violation disposition hearing, Edwards requested the district court order a second period of retained jurisdiction or, in the alternative, that the district court reduce the indeterminate portion of his sentence pursuant to Idaho Criminal Rule 35. The district court revoked probation and ordered execution of the original sentence without reduction. Edwards appeals, contending that the district court abused its discretion by revoking probation and failing to reduce his sentence pursuant to I.C.R. 35.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

2

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Edwards' sentence without modification.  Therefore, the order revoking probation and directing execution of Edwards' previously suspended sentence is affirmed.